FILED
WANDA PEARCE

**IN THE DISTRICT COURT OF MARSHALL COUNTY**
**STATE OF OKLAHOMA**

MAY **27** 2014

| | |
|---|---|
| Cynthia Gayle Thomas, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| The Safeco Insurance Company and | ) |
| Walter Junior Hamon, | ) |
| | ) |
| Defendants. | ) |

Time_____
Court Clerk of Marshall County
By_____Deputy

Case No. C J - 1 4 - 23

## PETITION

Plaintiff, Cynthia Gayle Thomas for her cause of action against Defendants The Safeco

Insurance Company and Walter Junior Hamon alleges and states as follows:

### JURISDICTION AND VENUE

1.     Plaintiff, Cynthia Gayle Thomas is a citizen of the State of Oklahoma and a resident

of Marshall County, Oklahoma.

2.     Defendant The Safeco Insurance Company (hereinafter "Safeco") is a foreign

insurance company licensed to and engaged in the business of insurance in the State of Oklahoma.

3.     Defendant Walter Junior Hamon (hereinafter "Hamon") is a citizen of the State of

Oklahoma and a resident of Choctaw County, Oklahoma.

4.     The motor vehicle collision that gives rise to this lawsuit occurred in Marshall

County, Oklahoma and the U.M. and medical payments insurance policy at issue was issued to

Plaintiff Thomas who is a resident of Marshall County, State of Oklahoma.

5.     The Court has jurisdiction over the subject matter of this action as well as each of

the parties pursuant to Okla. Stat. tit. 12, § 2004(F).

6.     Venue is proper under Okla. Stat. tit. 12, §§ 137, 141.



EXHIBIT

2

## FACTUAL BACKGROUND

7.     On December 20, 2012, the Plaintiff Cynthia Gayle Thomas was involved in a rear-end motor vehicle collision that occurred on U.S. Highway 70 in front of the Dollar General Store in Kingston, Marshall County, State of Oklahoma. (See Plaintiff's Exhibit 1, the Official Oklahoma Traffic Collision Report).

8.     The severity of the rear-end impact from the collision totaled Plaintiff Thomas' vehicle beyond repair from.  (See Plaintiff's Exhibit 2).

9.     Plaintiff Thomas was injured and taken from the scene by the Marshall County Ambulance Service due to neck injuries from the direct and proximate result of Defendant Hamon's negligence. (See Plaintiff's Exhibit 3).

10.     On December 20, 2012, Plaintiff was transported to the Marshall County Medical Center for neck injuries caused by the Defendant Hamon's negligence. (See Plaintiff's Exhibit 4).

11.     After discharge from the Marshall County Medical Center, Plaintiff continued to receive medical care from several other medical providers, and; after conservative medical treatment, the Plaintiff underwent a cervical discogram study of her C3-4; C4-5; C5-6 and C6-7 spinal segments which study revealed Mrs. Thomas was suffering from annual tears within the disc structure. (See Plaintiff's Exhibits 5 and 6).

12.     To date, Mrs. Thomas' medical expenses are approximately Twenty Five Thousand Five Hundred Fifty Dollars and Eighty Cents ($25,550.80).

13.     On January 2, 2013, Defendant Safeco forwarded Plaintiff a medical authorization in relationship to her first party claims which the Plaintiff executed and returned to Safeco pursuant to Safeco's request. (See Plaintiff's Exhibit 7).

2

14.    Defendant Safeco's January 2, 2013 correspondence also advised Mrs. Thomas of her $2000.00 in medical payments coverage. Defendant Safeco, however, completely failed and/or refused to advise or explain to Mrs. Thomas that she also had underinsured motorist coverage.

15.    On January 8, 2013, Defendant Safeco acknowledge its understanding that the Plaintiff's vehicle was a total loss. (Plaintiff's Exhibit 8).

16.    On January 25, 2013, Defendant Safeco forwarded Mrs. Thomas a letter confirming that Safeco was investigating the claim, and; Safeco demanded that Mrs. Thomas advise Safeco prior to her entering into any settlement with Defendant Hamon. (See Plaintiff's Exhibit 9).

17.    Not receiving any meaningful assistance from Defendant Safeco, on September 5, 2013, the Plaintiff retained attorneys' Mary Faulkner and James Dunn to represent her in regard to her claims arising from the December 20, 2012 collision.

18.    On September 20, 2013, Plaintiff's attorney forwarded Defendant Safeco a certified letter placing Safeco on notice that Mrs. Thomas was making a U.M./U.I.M. and Medical Payments claim. (See Plaintiff's Exhibit 10).

19.    On September 20, 2013, Plaintiff, through her attorney, also formerly requested a Declaration Sheet and a certified copy of Mrs. Thomas' insurance coverage from Safeco.  (See Plaintiff's Exhibit 10).

20.    Defendant Safeco received Plaintiff's notice of U.M./U.I.M. and Medical Payments claim by fax on September 20, 2013 at 12:48 p.m. (See Plaintiff's Exhibit 10, page 2).

21.    Defendant Safeco also received Plaintiff's request for a certified copy of Plaintiff's insurance declaration page by fax on September 20, 2013 at 12:48 p.m. (See Plaintiff's Exhibit 10, page 2).

22.     The fax number shown on the Plaintiff's confirmation page of (888) 268-8840 is Safeco's published fax number pursuant to its previous correspondences sent to Plaintiff. (See Plaintiff's Exhibits 7 and 9).

23.     On March 28, 2014, Plaintiff's counsel forwarded to Safeco all documents the Plaintiff had requested and received to date by certified and return receipt requested mail which documents included the Official Oklahoma Traffic Collision Report, photographs, medical record and medical bills totaling $14,849.80. (See Plaintiff's Exhibits 7 and 11).

24.     On March 28, 2014, Plaintiff's counsel also placed Safeco on demand for the tendering of Mrs. Thomas' U.M. and Medical Payments funds under her policy as Safeco admitted there was $2,000.00 of medical payments coverage which is substantially less than the $14,849.80 of medical bills that Safeco received with U.M./U.I.M. and Medical Payments demand. (See Plaintiff's Exhibit 11).

25.     Plaintiff's counsel also advised Safeco that the Plaintiff would supplement further medical specials if additional information were obtained. (See Plaintiff's Exhibit 11).

26.     Defendant Safeco received the Plaintiff's U.M./Medical Payments demand through its parent company Liberty Mutual Insurance. (See Plaintiff's Exhibit 11, page 2).

27.     Plaintiff's U.M./U.I.M. and Medical Payments demand was addressed to, and received by, post office box 515097, Los Angles, California, 90051-5097, Safeco's published address previously provided to the Plaintiff by Safeco. (See Plaintiff's Exhibits 7 and 9).

28.     Plaintiff's counsel, on April 16, 2014, forwarded to Defendant Safeco by certified and return receipt requested mail, some supplemental records and bills from Excel Therapy pertaining to the December 20, 2102 automobile accident. (See Plaintiff's Exhibit 12).

29.     Defendant Safeco received the Plaintiff's U.M./Medical Payments demand through its parent company Liberty Mutual Insurance. (See Plaintiff's Exhibit 12, page 2).

30.     Plaintiff's sent Safeco the supplemental records obtained by Plaintiff by certified and return receipt requested to its published address previously provided to Plaintiff: Post office box 515097, Los Angles, California, 90051-5097. (See Plaintiff's Exhibits 7 and 9).

31.     On May 15, 2014, Defendant Hamon's liability insurance claims service offered Defendant Hamon's minimal liability policy limits of Twenty Five Thousand Dollars ($25,000.00). (See Plaintiff's Exhibit 13).

32.     Safeco completely ignored Plaintiff's counsel letter of September 20, 2013 requesting a certified copy of Plaintiff's insurance declaration page. In a further attempt to obtain Mrs. Thomas' policy of insurance with Safeco, Plaintiff Mrs. Thomas personally contacted Defendant Safeco's local agent on May 16, 2014 to requests a copy of her policy and declaration page. Mrs. Thomas, however, was advised by her local agent that it will take Safeco approximately two or three weeks to provider her the requested information and that the Plaintiff should contact Safeco directly to request the certified policy and declaration page.

33.     On May 16, 2014, Plaintiff Mrs. Thomas personally confirmed with Defendant Safeco's agent that she did in fact have U.M./U.I.M. and Medical Payments first party benefits at the time of the December 20, 2012 automobile accident. Safeco's local agent, however, advised that Plaintiff would have to get the certified copies of the policy and declaration page from Safeco.

34.     To date, Defendant Safeco has failed to remit to the Plaintiff a certified copy of the Plaintiff's insurance policy and/or the declarations page of such policy even though Safeco has known of the accident as early as January 2, 2013 (Plaintiff's Exhibit 7) and had received an official demand for such basic policy information since September 20, 2013. (Plaintiff's Exhibit 10).

5

35.     To date, Defendant Safeco has completely refused and failed to tender the Plaintiff's Medical Payments benefits for the December 20, 2012 automobile collision.

36.     To date, Defendant Safeco has completely refused and failed to remit to Plaintiff any underinsured motorist benefits for the December 20, 2012 automobile collision.

37.     To date, Defendant Safeco has completely refused and failed to even acknowledge Plaintiff's U.M. claim for the December 20, 2012 automobile collision.

38.     To date, Defendant Safeco has completely refused and failed to remit to Plaintiff the very basic policy and declarations page as required by Oklahoma law.

39.     To date, Defendant Safeco has failed to communicate, whatsoever, with Plaintiff's counsel regarding Plaintiff's first party medical payments claims and/or the Plaintiff's first party uninsured/underinsured motorist (U.M./U.I.M.) claim.

40.     To date, Defendant Safeco has never contested in any manner the causation, nature and/or extent of the Plaintiff's injuries.

41.     To date, Defendant Safeco has never contested in any manner the reasonableness of the Plaintiff's medical treatment and/or the amount of the Plaintiff's medical bills.

42.     Pursuant to the express demands of Safeco, the Plaintiff has no ability to accept and/or release Defendant Hamon pursuant to the January 25, 2013 correspondence forwarded to Mrs. Thomas by Defendant Safeco's subrogation department. (See Plaintiff's Exhibit 9).

43.     Safeco, citing specific policy language mandating that Plaintiff do nothing to prejudice Safeco, specifically stated that Plaintiff was required to contact Safeco before accepting any settlement offer. (See Plaintiff's Exhibit 9).

44.     Plaintiff has been unable to effectuate any liability settlement because Safeco refuses to acknowledge the Plaintiff's claims, provide her with a complete copy of the policy,

provide her with the declarations page showing Plaintiff the extent of her coverage, and; Safeco has failed to communicate, investigate and/or assist Plaintiff in any meaningful way to resolve Plaintiff's automobile insurance claims.

45.     Due to Defendant Safeco's failures, the Plaintiff is unable to assess the amount and degree of the excess liability that Defendant Hamon is subjected to in regard to the December 20, 2012 automobile collision causing the Plaintiff to file this litigation so that a jury can determine the extent of the Plaintiff's damages.

46.     As a result of the collision of December 20, 2012, Mrs. Thomas sustained severe and permanent bodily injuries, suffered pain of body and mind, and has incurred expenses for medical attention, with general and special damages totaling in excess of $75,000.00.

47.     As a result of Safeco's acts and/or inactions, Plaintiff has sustained the loss of use of any insurance proceeds; embarrassment; loss of reputation along with mental pain and suffering.

48.     As a result of Safeco's acts and/or inactions, Plaintiff has been forced to file this litigation against Safeco for the policy benefits she is rightfully due and against the Defendant Hamon due to the excess liability of Defendant Hamon and Safeco's complete failure to assist the Plaintiff, a first party insured.

49.     Safeco's failures in this matter are a consistent business practice of failing to adequately train its first party claims handling employees; supervise its first party claims handling employees, and; Safeco's failure to institute reasonable policies and procedures to ensure that its first party claims adjusters handling Oklahoma claims comply with Safeco's duty of good faith and fair dealing.

## CAUSE OF ACTION

I.   **Safeco's Breach of Contract – U.M./U.I.M. Benefits**

50.     Plaintiff Thomas fully incorporates into this Paragraph each and every allegation contained in the preceding paragraphs of this Petition as if each were fully iterated verbatim herein.

51.     At the time of the accident, Plaintiff Thomas was insured under an automobile policy of insurance issued by Safeco, Policy No. Y6641757 (the "Policy"), which on information and belief provided U.M./U.I.M. coverage and Medical Payments coverage.

52.     Defendant Hamon does not have sufficient liability insurance to fully compensate Plaintiff Thomas for the bodily injury she sustained in the accident and, thus, was an underinsured motorist.

53.     Pursuant to the terms of the Policy, Safeco is to compensate an insured person for all sums that the insured person is legally entitled to recover as damages from the owner or operator of an uninsured or underinsured motor vehicle because of bodily injury she sustained.

54.     Plaintiff Thomas made a claim to Safeco for U.M./U.I.M benefits, as she is an insured person legally entitled to recover damages from the operator of an underinsured motor vehicle as a result of the bodily injury she sustained in the collision.

55.     All conditions precedent to Safeco's liability under the Policy have been performed including the payment of all premiums necessary to keep the Policy in effect and the presentation of claims by insured persons for bodily injury damages under the U.M./U.I.M. coverage.

56.     Defendant Safeco failed and refused to fully compensate Plaintiff Thomas for the bodily injury she sustained in the collision proximately caused by the negligence Defendant Hamon.

57.     Defendant Safeco materially breached the terms of the insurance contract with Plaintiff Thomas by refusing to pay Plaintiff Thomas all benefits owed under the contract of insurance..

## II.     Safeco's Breach Of Contract – Medical Payments Benefits.

58.     Plaintiff Thomas fully incorporates into this Paragraph each and every allegation contained in the preceding paragraphs of this Petition as if each were fully iterated verbatim herein.

59.     At the time of the accident, Plaintiff Thomas was insured under an automobile policy of insurance issued by Safeco, Policy No. Y6641757 (the "Policy"), which on information and beleif provided Medical Payments coverage in the amount of two thousand dollars ($2,000.00).

60.     Pursuant to the terms of the Policy, Safeco is to pay all reasonable expenses for necessary medical treatment and/or services provided to the insured person.

61.     Plaintiff Thomas received medical treatment for injuries she sustained in the collision and made a claim to Safeco for Medical Payments benefits, as she is an insured person entitled to payment for all reasonable expenses incurred for necessary medical treatment and/or services because of the injuries she sustained in the collision.

62.     All conditions precedent to Safeco's liability under the Policy have been performed including the payment of all premiums necessary to keep the Policy in effect and the presentation of claims by insured persons for bodily injury damages under the Medical Payments coverage.

63.     Defendant Safeco failed and refused to fully compensate Plaintiff Thomas the Medical Payments benefits for medical expenses incurred due to the injury she sustained in the collision.

64.     Defendant Safeco materially breached the terms of the insurance contract with Plaintiff Thomas by refusing to pay Plaintiff Thomas all benefits owed under the contract.

9

III.    **Safeco's Breach Of The Duty Of Good Faith And Fair Dealing.**

65.    Plaintiff Thomas hereby incorporates each of the preceding paragraphs as if set forth fully herein.

66.    Safeco owes Plaintiff Thomas, its insured, the duty to deal fairly and in good faith with her.

67.    Safeco has delayed, without proper cause or justification, paying Plaintiff Thomas all benefits she is owed under the insurance contract.

68.    Safeco has refused, without proper cause or justification, to pay Plaintiff Thomas all benefits she is owed under the insurance contract.

69.    Safeco knowingly and intentionally failed to engage in proper claims handling practices and failed to fully and reasonably compensate its insured in an amount promised for losses covered under its automobile insurance policies.

70.    Safeco breached said duty in one or more of the following ways:

a.    Failing to open or unreasonably delaying opening a UM and/or Medical Payments claim;

b.    Failing to investigate or unreasonably delaying the investigation of Plaintiff's UM and/or Medical Payments claims;

c.    Failing to evaluate or unreasonably delaying evaluation of Plaintiff's UM and/or Medical Payments claims;

d.    Under-evaluating or failing to evaluate Plaintiff's UM and/or Medical Payments claims;

e.    Failing to offer Plaintiff any amount or offering Plaintiff less than the full value of her UM and/or Medical Payments claims;

f.     Refusing to fully compensate Plaintiff in accordance with the terms of the insurance contract, and/or

g.    Failing to set up a UM claim even though it had notice of the claim and automobile collision.

71.    Defendant Safeco engaged in these improper claims practices knowing that its insured would suffer financial harm.

72.    Defendant Safeco deprived Plaintiff Thomas of the very protection she was promised, which she trusted Safeco to provide and for which she paid substantial premiums.

73.    Defendant Safeco put its interests in maximizing financial gains, and limiting disbursements above the interests of its insured, Plaintiff Thomas.

74.    Defendant Safeco forced Plaintiff Thomas to file a lawsuit to discovery and obtain the benefits she is owed.

75.    As a consequence of Defendant Safeco's breach of the duty of good faith and fair dealing, Plaintiff Thomas sustained damages, including deprivation of benefits owed under the Policy, attorney's fees and litigation costs, in excess of seventy-five thousand dollars ($75,000.00).

76.    The conduct of Defendant Safeco was intentional, willful, malicious, and/or in reckless disregard of the rights of insureds, including Plaintiff Thomas.

77.    The actions of Defendant Safeco, or complete lack of action, during the handling of Plaintiff Thomas's claims and other similar claims clearly and convincingly demonstrate a recklessly disregard of its duty to deal fairly and act in good faith with its insured, including Plaintiff Thomas, and/or clearly and convincingly demonstrates that Defendant Safeco actions or lack thereof were intentional without just cause or excuse.

11

78.     The actions of Defendant Safeco were intentional, malicious and consistent with an overall collective corporate goal of increasing profits through the systematic reduction or avoidance of claims. In furtherance of its corporate goal, Defendant Safeco treatment of its insureds, including Plaintiff Thomas, constitutes conduct that risks harm to many.

79.     Plaintiff Thomas therefore seeks exemplary damages in an amount sufficient enough to deter such conduct and serve as an incentive for insurance companies, including Defendant Safeco, to abide by its obligation to deal fairly and in good faith with insureds.

## IV.     Negligence Of Walter Junior Hamon.

80.     Plaintiff Thomas hereby incorporates each of the preceding paragraphs 7, 8, 9, 10, 11, 12 and 45 as if set forth fully herein.

81.     That the Defendant Walter Junior Hamon was careless, reckless, negligent and negligent per-se in one or more of the following way:

a.      In failing to observe and appropriately yield to traffic control signals;

b.      In failing to keep a proper lookout for vehicles on the above described public roadway, in particular Plaintiff's vehicle;

c.      In failing to operate his vehicle as a careful and prudent operator of a motor vehicle; in particular, in failing to use the means at hand, (i.e., the steering and the braking mechanisms) to avoid the above described accident;

d.      In failing to exercise the degree of care required of a reasonably prudent person under the same or similar circumstances, taking into account the visibility, the locations of the vehicles, and other relevant factors.

82.    That as a result of the acts by the Defendant Walter Junior Hamon, Plaintiff has and will continue to suffer severe mental and physical pain, psychological stress, and loss of capacity, and permanent bodily injury:

83.    That due to the acts of the Defendant Walter Junior Hamon, Plaintiff has sustained permanent and continuing injuries and has incurred (and will continue to incur) pain, suffering, permanent impairment and medical expenses, costs and attorney fees all to his detriment in excess of Seventy-Five Thousand Dollars ($75,000.00) for which she prays judgment.

84.    There is evidentiary support or there will likely be evidentiary support after a reasonable opportunity for further investigations or discovery for the factual allegations in this Petition.

## PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Cynthia Gayle Thomas seeks damages against Defendant The Safeco Insurance Company for breach of contract and for the failure to deal in good faith, both actual, compensatory and exemplary damages in an amount in excess of Seventy Five Thousand Dollars ($75,000.00), along with interest, court costs, attorney fees and such other relief as the Court deems just and equitable; and against the Defendant Walter Junior Hamon in an amount in excess of Seventy Five Thousand Dollars ($75,000.00) along with interest, court costs, attorney fees and such other relief as the Court deems just and equitable.

13

Respectfully submitted,

Mary E. Faulkner, OBA #8386
Law Office of Mary Faulkner
119 North Third
Durant, OK  74701
(580) 924-9600 telephone
(580) 924-4448 facsimile
faulknerlaw@yahoo.com

and

James E. Dunn, OBA # 15222
JAMES DUNN & ASSOCIATES, PLLC
1138 North Robinson Avenue
Oklahoma City, OK  73103
Telephone:   (405) 239-1000
Facsimile:   (405) 239-1003
jim@usattorney.com

and

Scott B. Hawkins, OBA #21694
James Dunn & Associates, PLLC
1138 North Robinson Avenue
Oklahoma City  OK  73103
(405) 239-1000
(405) 239-1003 fax
scott@usattorney.com

**ATTORNEYS FOR PLAINTIFF**

**ATTORNEY'S LIEN CLAIMED**

14

DO NOT WRITE IN THIS SPACE

Pg 1 of 4

# OFFICIAL OKLAHOMA TRAFFIC COLLISION REPORT

| | Y | N |
|---|---|---|
| Incident Report | | X |
| Investigation Completed | | X |
| Investigation Made at Scene | X | |
| Photographs | X | |

| | Y | N |
|---|---|---|
| Revised | | X |
| Fatality | | X |
| Hit and Run | | X |

**(1) Reporting Agency:** KINGSTON POLICE DEPARTMENT

**Case Number (Agency Use):** TR-1220120

**Motor Vehicles Involved:** 2 **Number Injured:** 1 **Number Killed:** 0

**(2) Date of Collision (mm/dd/yyyy):** 12/20/12 **Time:** 1250 **County Number and Name:** 48 MARSHALL

**Nearest City or Town Number and Name:** In □ Near X 05 KINGSTON

**(3) Distance from Nearest City or Town Limits:** Mi. □ Ft. □ N □ S □ E □ W □

Control # | Int ID | Location | East Grid | North Grid | Administrative

**(4) Street, Road or Highway:** US HIGHWAY 70 At X Mi. □ Ft. □ N □ S □ E □ W □ of **(Nearest) Intersecting Street, Road or Highway:** DOLLAR STORE DRIVE WAY

**(5) Unit:** 01 **Occupants:** 2 **Type:** D □ Hit & Run □ CMV □

**Last Name:** HAMON **First:** WALTER **Middle:** JUNIOR **Suffix:** **Date of Birth (mm/dd/yyyy):** **Sex:** M

**(6) Address:** PO BOX 419 **City:** BOSWELL **State:** OK **Zip:** 74727 **Telephone (Use Area Code):** 5805662388

**(7) Driver License Number:** **State:** OK **Class:** D **Endorsement(s):** **Restriction(s):** **Inj. Sev.:** 0 **Type of Injury:** 0 **Drv./Ped. Cond.:** 0 **OP Use:** 99

**(8) Air Bag:** 0 **Ejected:** 0 **Extricated:** 0 **Test:** 0 **(% BAC):** 0.0 **Transported by:** **To Medical Facility:** **License Plate Number:** 658 EZY **State:** OK **Month:** 10 **Year:** 2013

**(9) VIN:** 3B7HC13Z61M269788 **Vehicle Year:** 2001 **Color:** GOL **2nd Color:** **Make:** DODG **Model:** Q15 **Veh. Conf.:** 04 **Extent of Damage:** 4

**(10) Insurance Verification:** 3 **Insurance Company Name:** AMERICAN INSURANCE COMPANY **Policy Number:** R009690034 **Insurance Telephone (Use Area Code):** 8003247771

**(11) Vehicle Removed by:** RICHARDS WRECKER SERVICE **Same as Driver:** X **Owner's Last Name:** **First:** **Middle:** **Suffix:**

**(12) Owner's Address:** **City:** **State:** **Zip:** **Oversized Load:** □ **Towed Veh. Type:** **Rolled:** □ **Burned:** □ **Phone present:** □ **Phone in use:** □

**(13) Citation Number:** **Statute/Ordinance Number:** **Citation Number:** **Statute/Ordinance Number:**

**(14) Unit:** 02 **Occupants:** 1 **Type:** D □ Hit & Run □ CMV □

**Last Name:** THOMAS **First:** CYNTHIA **Middle:** GAYLE **Suffix:** **Date of Birth (mm/dd/yyyy):** **Sex:** F

**(15) Address:** 4103 KEELER ROAD **City:** KINGSTON **State:** OK **Zip:** 73439 **Telephone (Use Area Code):**

**(16) Driver License Number:** **State:** OK **Class:** D **Endorsement(s):** **Restriction(s):** **Inj. Sev.:** **Drv./Ped. Cond.:** **OP Use:** 99

**(17) Air Bag:** 0 **Ejected:** 0 **Extricated:** 0 **Test:** 0 **(% BAC):** 0.0 **License Plate Number:** 624 GSG **State:** OK **Month:** **Year:**

**(18) VIN:** 1GNDX03E83D162404 **Vehicle Year:** 2003 **Color:** TAN **2nd Color:** **Make:** CHEV **Model:** VTR **Veh. Conf.:** 21 **Extent of Damage:** 4

**(19) Insurance Verification:** 3 **Insurance Company Name:** SAFECO INSURANCE COMPANY **Policy Number:** **Insurance Telephone (Use Area Code):** 5809240578

**(20) Vehicle Removed by:** JOHN&SONS WRECKER SERVICE **Same as Driver:** X **Owner's Last Name:** THOMAS **First:** WILLIE **Middle:** **Suffix:**

**(21) Owner's Address:** **City:** **State:** **Zip:** **Oversized Load:** □ **Towed Veh. Type:** **Rolled:** □ **Burned:** □ **Phone present:** □ **Phone in use:** □

**(22) Citation Number:** **Statute/Ordinance Number:** **Citation Number:** **Statute/Ordinance Number:**

**(23) Investigating Officer:** MAJOR DAVID ERVIN **Badge Number:** 302 **Trp/Div. Assigned:** **Trp/Div. Location:** **Reviewer (Init.):** **Reviewer Badge Number:** **Date of Report (mm/dd/yyyy):** 12/21/12

| Unit Type | Injury Severity | Type of Injury | Driver/Pedestrian Condition | Occupant Protection (OP) in Use |
|---|---|---|---|---|
| 0 Driver | 2 Other Occ/Non-Motorist | 0 N/A | 00 Not Applicable | 00 Not Applicable | 00 Not Applicable | 00 N/A |
| 1 Passenger | 3 Parked Car | 1 No Injury | 1 Head | 01 Apparently Normal | dd (Sick) | 01 Child Restraint Type Unknown |
| 2 Pedestrian | 4 Animal | 4 Fatal | 2 Face | 02 Drinking - Ability Impaired | 08 Dizzy/Fatal | 02 Child Restraint - Used |
| 3 Conveyance | 5 Train | 5 Possible | 3 Trunk - Internal | 03 Under Infl of Alcohol | 09 Emotional | 03 Restraint Used - Type Unknown |
| 4 Pedalcyclist | | 6 Non-Incapacitating | 4 Arms | 04 Illegal Drugs | 10 III | 04 Shoulder Belt Only |
| 5 Bicyclist | | 7 Incapacitating | 5 Legs | | 11 Other | 05 Lap Belt Only |
| | | 9 Unknown | 6 Entire | | 99 Unknown | 06 Shoulder and Lap Belt |

| Air Bag Deployed | Ejected | Extricated | Chemical Test | Extent of Damage | Insurance Verification | Oversized Load |
|---|---|---|---|---|---|---|
| 0 Not Applicable | 4 Deployed - Other | 0 Not Applicable | 3 Ejected, | 0 N/A | 0 N/A | 4 Text Refused | 0 N/A | 0 N/A |
| 1 Not Deployed | (Air bag, etc.) | 1 Not Ejected | Totally | 1 No | 1 Blood | 5 None Given | 1 Minor | 1 Verified |
| 2 Deployed - Front | 5 Deployed - Combination | 2 Ejected, | 9 Unknown | 2 Yes | 2 Breath | 6 Other | 2 Minor | 9 Unknown |
| 3 Deployed - Side | 9 Deployment Unknown | Partially | | | 3 Urine | | 3 Disabling | |
| | | | | | | | | |

| 19 Booster Seat |
| 88 Other |
| 99 Unknown |

WARNING - STATE LAW

Use of contents for commercial solicitation is unlawful

**Case Number** TR-1220120

## OFFICIAL OKLAHOMA TRAFFIC COLLISION REPORT   Pg 2 of 4

| | Unit | Total Lanes in Roadway | Legal Speed | Pedestrian / Pedalcyclist Only | | | |
|---|---|---|---|---|---|---|---|
| | | | | Actions Prior to Collision | Location at Time of Collision | Safety Equip. | Unit Number of Vehicle Striking |
| This unit will correspond to "Unit 1" | 01 | 1 | 65 | 00 | 00 | 0 | 00 |
| This unit will correspond to "Unit 2" | 02 | 1 | 65 | 00 | 00 | 0 | 00 |

Was the collision in or near a construction, maintenance or utility work zone? (If yes, complete this section)   Yes ☐   No ☒

**Type of Work Zone**   [0]

1 Lane Closure
2 Lane Shift/Crossover
3 Work on Shoulder or Median
4 Intermittent or Moving Work
9 Unknown

**Location of the Work Zone Collision**   [0]

1 Before the First Work Zone Warning Sign
2 Advance Warning Area
3 Transition Area
4 Activity Area
5 Termination Area
9 Unknown

Workers Present   Yes ☐   No ☒   Unknown ☐

### Light   [1]

1 Daylight
2 Dark-Not Lighted
3 Dark-Lighted
4 Dawn
5 Dusk
6 Dark-Unknown Lighting
7 Other
9 Unknown

### What Vehicle Was Going to Do
| Unit 1 | Unit 2 |
|---|---|
| 01 | 05 |

00 Not Applicable
01 Go Ahead
02 Turn Left
03 Turn Right
04 Make "U" Turn
05 Stop
06 Slow for Cause
07 Start from Park/Stop
08 Change Lanes
09 Overtake
10 Pass
11 Back
12 Remain Stopped
13 Remain Parked
14 Enter/Merge in Traffic
15 Negotiate a Curve
16 Park
17 Other
99 Unknown

### Underride / Override
| Unit 1 | Unit 2 |
|---|---|
| 0 | 0 |

0 Not Applicable
1 No Underride or Override
2 Underride, Compartment Intrusion
3 Underride, No Compartment Intrusion
4 Underride, Compartment Intrusion Unknown
5 Override, Motor Vehicle in Transport
6 Override, Other Motor Vehicle
9 Unknown

### Weather   [01]

01 Clear
02 Fog/Smog/Smoke
03 Cloudy
04 Rain
05 Snow
06 Sleet/Hail (Freezing Rain/Drizzle)
07 Severe Crosswind
08 Blowing Snow
09 Blowing Sand, Soil, Dirt
10 Other
99 Unknown

### What Vehicle Did
| Unit 1 | Unit 2 |
|---|---|
| 01 | 05 |

00 Not Applicable
01 Went Ahead
02 Turned Left
03 Turned Right
04 Entered "U" Turn
05 Stopped
06 Slowed
07 Started From Park/Stop
08 Entered Other Lane
09 Overtaking
10 Passing
11 Backed
12 Remained Stopped
13 Remained Parked
14 Entered/Merged
15 Departed Rdwy-Right
16 Departed Rdwy-Left
17 Swerved Right
18 Swerved Left
19 Parked
20 Other
99 Unknown

### Locality   [2]

1 Residential
2 Business
3 Industrial
4 School
5 Not Built-up
6 Mixed Use
7 Other
9 Unknown

### Traffic Control
| Unit 1 | Unit 2 |
|---|---|
| 00 | 00 |

00 No Control
01 Stop Sign
02 Traffic Signal
03 Flashing Traffic Signal
04 School Zone Signs
05 Yield Sign
06 Warning Sign
07 Railroad Advance Warning Sign
08 Railroad Cross Bucks
09 Railroad Gates
10 Railroad Signal
11 No Passing Zone
12 Person (including flagger, law enforcement, crossing guard, etc.)
13 Abnormal Control
14 Other
99 Unknown

### Trafficway
| Unit 1 | Unit 2 |
|---|---|
| 2 | 2 |

0 Not Applicable
1 One Way
2 Two-Way - Not Divided
3 Two-Way - Divided
4 Two-Way - Divided - Positive Median Barrier
5 Turn Lane
6 Ramp / Loop
7 Driveway
8 Alley / Parking Lot
9 Unknown

### Vehicle Removal
| Unit 1 | Unit 2 |
|---|---|
| 1 | 1 |

0 Not Applicable
1 Towed Due to Vehicle Damage
2 Towed For Reasons Other Than Damage
3 Remained at Scene
4 Driven from Scene
9 Unknown

### Unsafe / Unlawful Contributing Factors
| Unit 1 | Unit 2 |
|---|---|
| 13 | 98 |

**FAILED TO YIELD**
01 From Stop Sign
02 From Yield Sign
03 Private Drive
04 County Road at Through Highway
05 From Signal Light
06 From Alley
07 To Pedestrian
08 To Vehicle on Right
09 To Vehicle in Intersection
10 To Emergency Vehicles
11 Other

**FOLLOWED TOO CLOSELY**
13 Human Element
14 Traffic Condition
**UNSAFE SPEED**
16 Driver's Ability (Aged)
17 Inexperienced Driver - Young
18 Exceeding Legal Limit
19 For Traffic Conditions
20 For Type of Roadway (Gravel, Dirt, etc.)
21 For Ice or Snow on Roadway
22 Rain or Wet Roadway
23 Wind
24 Other Weather Conditions
25 Vehicle Condition
26 View Obstruction
27 On Curve/Turn
28 Impeding Traffic
29 Other
**IMPROPER TURN**
30 From Wrong Lane
31 From Direct Course
32 Right
33 Left
34 Turn About/U-Turn
35 To Enter Private Drive
36 In Front of Oncoming Traffic
37 Other
38 CHANGED LANES UNSAFELY
39 STOPPED IN TRAFFIC LANE
**FAILED TO STOP**
40 For Stop Sign
41 For Traffic Signal
42 For School Bus
43 For Railroad Gates/Signal
44 For Officer/Flagman
45 At Sidewalk/Stopline
46 Other
**UNSAFE VEHICLE**
47 Brakes
48 Steering

49 Tires
50 Suspension
51 Headlights
52 Tail Lights
53 Stop Lights
54 Wheel
55 Exhaust System
56 Windshield Wipers
57 Other Mechanical Defects
**LEFT OF CENTER**
58 In Passing
59 No Passing Zone (Unmarked)
60 Marked Zone
61 Other
**IMPROPER OVERTAKING**
62 In Marked Zone
63 On Hill/Curve
64 At Intersection
65 Without Sufficient Clearance
66 Other
**IMPROPER PARKING**
67 On Roadway
68 Where Prohibited
69 Other
**INATTENTION**
70 Distracted by Passenger in Vehicle
71 Other Distraction Inside Vehicle
72 Other Distraction From Outside Vehicle
73 Other
**WRONG WAY**
74 On One Way
75 On Exit Ramp
76 On Entrance Ramp
77 Other
**IMPROPER START FROM**
78 Parked Position
79 Other
80 ALCOHOL-DUI/DWI
81 DRUG-DUI
**OTHER IMPROPER ACT/ MOVEMENT**
82 Failed to Signal
83 Disregarded Warning Signal
84 Improper Use of Lane
85 Improper Backing
86 Apparently Sleepy
87 Failed to Secure Load
88 Other/Unknown
**UNKN/NO IMPROPER ACT**
89 Deer in Roadway
90 Animal in Roadway
91 Domestic Animal in Rdwy
92 Avoiding Other Vehicle
93 Avoiding Pedestrian
94 Object/Debris in Roadway
95 Defect in Roadway
96 Abnormal Traffic Control
97 Improper Bicyclist Action
98 NO IMPROPER ACTION BY DRIVER
99 PEDESTRIAN ACTION

### Type of Intersection   [0]

0 Not an Intersection
1 Y-Intersection
2 T-Intersection
3 Four-Way Intersection
5 Five-Point or More
6 Intersection as Part of Interchange
7 Traffic Circle
8 Roundabout
9 Other

### Vehicle Condition
| Unit 1 | Unit 2 |
|---|---|
| 01 | 01 |

00 Not Applicable
01 Apparently Normal
02 Brakes
03 Headlights
04 Steering
05 Tail Lights
06 Brake Lights
07 Tires/Wheels
08 Suspension
09 Signal lights
10 Windows
11 Truck Coupling/Trailer Hitch/Safety Chains
12 Mirrors   15 Other
13 Wipers   99 Unknown
14 Power Train

### Road Surface Conditions
| Unit 1 | Unit 2 |
|---|---|
| 01 | 01 |

01 Dry
02 Wet
03 Ice/Frost
04 Snow
05 Mud, Dirt, Gravel
06 Slush
07 Water (standing, moving)
08 Sand
09 Oil
10 Other
99 Unknown

### Incident Type   [00]

00 Not an Incident
51 Private Property
52 Deliberate Intent
53 Medical Condition
54 Legal Intervention
55 Suicide
57 Drowning
58 Other

### Visibility Obscured by
| Unit 1 | Unit 2 |
|---|---|
| 00 | 00 |

00 Not Applicable
01 Trees
02 Embankment
03 Building
04 Signs
05 Parked Vehicles
06 High Weeds
07 Fences
08 Shrubbery
09 Ice, Snow or Frost on Windows
10 Smoke
11 Fog
12 Dust
13 Rain
14 Sun
15 Other
99 Unknown

### Special Function of Vehicle
| Unit 1 | Unit 2 |
|---|---|
| 00 | 00 |

00 Not Applicable
01 School Bus
02 Transit Bus
03 Intercity Bus
04 Charter Bus
05 Other Bus
06 Military
07 OHP
08 Other Police
09 Other Law Enforcement
10 Ambulance
11 Fire Truck
12 Public Owned Vehicle
13 Highway Equipment
14 Special Mobilized Machine
15 Other   99 Unknown

### Location of First Harmful Event   [01]

01 On Roadway
02 Shoulder
03 Median
04 Roadside
05 Gore
06 Separator
07 Parking Lane/Zone
08 Off Roadway, Location Unknown
09 Outside Right-of Way
10 Other
99 Unknown

### Road Character

**Grade**
| Unit 1 | Unit 2 |
|---|---|
| 1 | 1 |

01 Level
06 Hillcrest
13 Uphill
14 Downhill
15 Sag (bottom)

**Road Alignment**
| Unit 1 | Unit 2 |
|---|---|
| 1 | 1 |

1 Straight
2 Curve - Left
3 Curve - Right

### Driver Distracted by
| Unit 1 | Unit 2 |
|---|---|
| 0 | 0 |

0 Not Applicable/None
1 Electronic Communication Devices
2 Other Electronic Device
3 Other Inside Vehicle
4 Other Outside Vehicle
9 Unknown

### Road Surface Type
| Unit 1 | Unit 2 |
|---|---|
| 2 | 2 |

1 Concrete
2 Asphalt
3 Gravel
4 Dirt
5 Brick
6 Other
9 Unknown

### Emergency Vehicle Responding to an Emergency
| Unit 1 | Unit 2 |
|---|---|
| 0 | 0 |

0 N/A   2 No
1 Yes   9 Unknown

### Point of First Contact on Vehicle
| Unit 1 | Unit 2 |
|---|---|
| 12 | 6 |

### Most Damaged Area
| Unit 1 | Unit 2 |
|---|---|
| 12 | 6 |

00 Not Applicable   14 Undercarriage
13 Top   15 Unknown

DPS: 0192-03 REV 0107

4 of 4

| Case Number: TR-1220120 | Date: 12/20/12 |
|---|---|

Location: US HWY 70 AT DOLLAR GENERAL DRIVE WAY

Narrative:

UNIT 2 WAS STOPPED IN ROAD WAY ABOUT TO MAKE A LEFT TURN INTO THE DOLLAR GENERAL PARKING LOT. UNIT 1 WAS WEST BOUND ON US HIGHWY 70. UNIT 1 STRUCK UNIT 2 IN THE REAR. POINT OF IMPACT IS 71.8 FT SW OF LIGHT POLE ON THE NORTH SIDE OF US HWY 70 AND 26.9 FT NW EDGE OF ROADWAY OF DOLLAR GENERAL DRIVEWAY. POINT OF REST FOR UNIT 1 IS THE SAME AS POINT OF IMPACT. UNIT 2 THEN TRAVELLED ANOTHE 73.10 FT NW OF POINT OF IMPACT AND CAME TO RESTON THE NORTH SHOULDER OF US HIGHWAY 70:. DRIVER OF UNIT 2 WAS TRANSPORTED BY MARSHALL COUNTY EMS TO IMCMC IN MADILL. THE DRIVER OF UNIT 2 WAS COMPLAINING OF NECK PAIN. PASSENGER OF UNIT 1 WAS COMPLAINING OF CHEST PAIN. PASSENGER WAS EXAMINED BY EMS AND RELEASED. UNIT 1 WAS TOWED FROM SCENE BY RICHARDS WRECKER SERVICE. UNIT 2 WAS TOWED BY JOHN&SONS WRECKER SERVICE.- END OF STATEMENT.



Case Number:  TR-1220120

Date:  12/20/12

Location:  US HWY 70 AT DOLLAR GENERAL DRIVE WAY

Description:

US HIGHWAY 70 AT DOLLAR GENERAL DRIVE WAY

23.2 FT

LIHGT POLE

NORTH

7.8 FT

9.32 FT

26.9 FT

73.10 FT

DOLLAR
GENERAL
STORE

GECKO'S

Created using ScenePD.  Licensed customer: CITY OF KINGSTON

www.trancite.com

Case Number TR-1220120

| Latitude | | | | | N | Longitude | | | | W | Railroad Crossing Number | | Roadway Orientation | | Pg 3 of 4 |

Unit Number [ ] N E S W    Unit Number [ ] N E S W

Indicate North by Arrow

## COLLISION EVENTS

| Unit | First Event | Second Event | Third Event | Fourth Event | Most Harmful Event | First Harmful Event for the Entire Collision |
|------|-------------|--------------|-------------|--------------|--------------------|----------|
| 01 | 00 | 00 | 00 | 00 | 00 | 0 |
| 02 | 0 | 0 | 0 | 0 | 0 | 0 |

00  Not Applicable
10  Overturn/Rollover
11  Fire/Explosion
12  Immersion
13  Jackknife
14  Cargo/Equipment Loss or Shift
15  Equipment Failure (Blown Tire, Brake
    Failure, etc.)
16  Separation of Units
17  Departed Road Right
18  Departed Road Left
19  Cross Median/Centerline
20  Downhill Runaway

21  Fell/Jumped From Motor Vehicle
22  Thrown Or Falling Object
23  Other Non-Collision
PERSON, MOTOR VEHICLE, OR NON-
FIXED OBJECT:
30  Pedestrian
31  Pedal Cycle
32  Railway Vehicle (train, engine)
33  Animal
34  Motor Vehicle in Transport
35  Parked Motor Vehicle
36  Struck by Falling, Shifting Cargo or
    Anything Set in Motion by Motor Vehicle

37  Work Zone/Maintenance
    Equipment
38  Other Non-Fixed Object
FIXED OBJECT:
40  Barrier (Cable)
41  Barrier (Concrete)
42  Barrier (Other)
43  Fence Pole
44  Fence
45  Traffic Signal Support
46  Traffic Sign Support
47  Utility Pole/Light Support
48  Other Post/Pole/Support
49  Guardrail/Guardrail Face
50  Guardrail End
51  Culvert
52  Curb
53  Island
54  Sand Barrels
55  Impact Attenuator/ Crash
    Cushion

56  Pavement Drop-Off
57  Ditch
58  Embankment
59  Tree (Standing)
60  Dividing Strip
61  Retaining Wall
62  Bridge Abutment
63  Bridge Pier or Support
64  Bridge Rail
65  Bridge Post
66  Bridge Curb
67  Bridge Super Structure (Beams)
68  Bridge Overhead Structure
69  Delineator
70  Mailbox
71  Other Fixed Object
72  Other Highway Structure
73  Ground
99  Unknown

## Remarks

SEE ATTACHMENT

This report is based on the officer's investigation of this collision. This report may contain the opinion of the officer.

DPS: 0192-04 REV 0107









01/01/2004 12:03 pm



01/01/2004 12:01 pm









01/01/2004 12:07 pm



01/01/2004 12:02 pm







Page 1

# Prehospital Care Report

| 1. INCIDENT REPORT DATE | 2. OKLAHOMA REPORT NUMBER | 3. EMS AGCY # | 4. VEHICLE NUMBER |
|---|---|---|---|
| 1 2 - 2 0 - 2 0 1 2 | 1 2 7 1 2 1 9 5 0 | 1 7 7 | 1 1 0 |

| 5. EMS UNIT CALL SIGN | 6. STATION # | 7. INCIDENT/PATIENT DISPOSITION |
|---|---|---|
| 1 1 0 | 0 1 1 | ☑ Treated, Transport EMS  ☐ No Patient Found |

7. INCIDENT/PATIENT DISPOSITION
- ☑ Treated, Transport EMS
- ☐ No Treatment Required
- ☐ Treated, Transfered Care
- ☐ Treated, Transported Private Vehicle
- ☐ Treated, Transported Law Enforcement
- ☐ No Patient Found
- ☐ Pt Refused Care
- ☐ Treated & Released
- ☐ Dead at Scene
- ☐ Canceled

| 8. INCIDENT ADDRESS |
|---|
| H W Y 7 0   0 0 1 1 0   G E n |

| 9. INCIDENT CITY | 10. INCIDENT ST | 11. INCIDENT ZIP | 12. INCIDENT COUNTY |
|---|---|---|---|
| K i n g s t o n | O K | 7 3 4 3 9 - | 4 8 |

| 13. RESPONSE MODE TO SCENE 14. FROM SCENE | Run Times Use Military Time | | |
|---|---|---|---|
| ☐←— Lights/Sirens —→☑ | | 19. Unit Arrived at Scene: | 1 2 5 3 |
| ☐←— No Lights/No Sirens —→☐ | 15. Estimated Time of Onset: 1 2 3 8 | 20. Arrived at Patient | 1 2 5 4 |
| ☐←Initial Lights/Sirens Downgraded to no Lights/Sirens→☐ | 16. PSAP / Initial Call for Help: 1 7 4 0 | 21. Unit Left Scene: | 1 3 0 2 |
| ☐←Initial No Lights/Sirens Upgraded to Lights/Sirens→☐ | 17. Unit Notified by Dispatch: 1 2 4 1 | 22. Patient Arrived at Destination: | 1 3 1 2 |
| | 18. Unit Enroute: 1 2 4 2 | 23. Unit Back In Service: | 1 3 1 5 |
| | | 24. Unit Back at Home Location: | |

| 25. TYPE OF SERVICE REQUESTED | 26. INCIDENT LOCATION TYPE | 27. CONDITION CODE(S) See reference sheet |
|---|---|---|
| ☑ 911 Response  ☐ Medical Transport  ☐ Interfacility Transfer  ☐ Intercept  ☐ Mutual Aid  ☐ Standby | ☐ NA  ☐ Home/residence  ☐ Sport/recreation place  ☐ Health care facility  ☐ Farm  ☐ Street/highway  ☐ Residential Institution  ☐ Mine/quarry  ☐ Public Building  ☐ Lake/river  ☐ Industrial place  ☐ Trade/service  ☐ Other | |

| 28. COMPLAINT REPORTED BY DISPATCH (select one) See Reference sheet | 29. EMERGENCY MEDICAL DISPATCH PERFORMED | 30. CMS LEVELS OF SERVICE |
|---|---|---|
| Neck Pain | ☑ No  ☐ Yes, Without Pre-Arrival Instructions  ☐ Yes, With Pre-Arrival Instructions  ☐ Unknown  ☐ N/A | ☑ BLS, Emergency  ☐ ALS, Level 1 Emergency  ☐ ALS, Level 2  ☐ Paramedic Intercept  ☐ Specialty Care  ☐ BLS  ☐ ALS Lev 1  ☐ Helicopter  ☐ Airplane  ☐ Not Applicable |

| 31. NUMBER OF PATIENTS AT SCENE | 32. MASS CASUALTY | 33. PRIMARY ROLE OF THE UNIT |
|---|---|---|
| ☐ Single  ☐ None  ☑ Multiple  ☐ N/A | ☐ Yes  ☑ No  ☐ N/A | ☑ Transport  ☐ Supervisor  ☐ Non-transport  ☐ Rescue |

| ODOMETER READINGS | | | | 38. DEST ZIP | 39. ORIG FAC ID | 40. REC FAC ID | 41. LATITUDE | LONGITUDE |
|---|---|---|---|---|---|---|---|---|
| 34. Begin | 35. Arrive | 36. Destination | 37. End | 7 3 4 3 9 | | | | |
| 0.0 | 10 | 18.0 | 18.0 | | | | | |

| 42. PATIENT LAST NAME | 43. PATIENT FIRST NAME | 44. MI |
|---|---|---|
| thomas | Cindy  CYNthIA | G |

| 45. PATIENT ADDRESS | 46. ☐ SAME AS INCIDENT ADDRESS | 47. PATIENT CITY |
|---|---|---|
| 4103 Keeler RD | | Kingston |

| 48. STATE | 49. PATIENT ZIP CODE | 50. COUNTY | 51. PT TELEPHONE NUMBER | 52. RACE (single-choice) | 53. ETHNICITY |
|---|---|---|---|---|---|
| OK | 7 3 4 3 9 - 4 3 4 4 | 4 9 | 580 - 775 - 2362 | ☐ American Indian/Alaska Nat  ☐ African American/Black  ☐ Asian  ☐ Native Hawaiian/Pac Islander  ☑ White  ☐ Other | ☐ Hispanic  ☑ Not Hispanic |

| 55. AGE | 56. AGE UNITS | 57. DATE OF BIRTH | 58. SOCIAL SECURITY NUMBER | 54. GENDER |
|---|---|---|---|---|
| | ☐ Hours  ☐ Days  ☐ Months  ☐ Years | | | ☑ Female  ☐ Male |

| 59. PRIMARY PAYMENT METHOD | |
|---|---|
| ☐ Not billed  ☐ Unknown  ☐ Workers Comp  ☑ Medicare  ☐ Other Government  ☐ Self Pay  ☐ Not Available  ☐ Insurance  ☐ Medicaid  ☐ Not Applicable | Medicare #: 440748045A   Insurance1 #: _____  Medicaid #: _____   Insurance2 #: _____ |

☐ I have been given notice of HIPPA Privacy Practices.

☐ This is to certify that I am refusing treatment/transport. I have been informed of the risk(s) involved, and thereby release the ambulance service, its attendants, and its affiliates from responsibility that may result from this action.

☑ Patient Authorization & Release: I, the undersigned, hereby authorize _MCEMS_ ("Provider") to provide me with emergency or non-emergency transportation and/or any medical treatment or services it deems necessary. I acknowledge that I am responsible for all charges based of Providers current billing rates, regardless of whether or not I personally requested emergency medical services (EMS) originally. I hereby assign to Provider all my insurance and third party agency benefits for EMS and authorize such benefits to be paid to Provider. I authorize the release of any medical, hospital, or other records or information about me, or my dependents to my insurance carriers in order to determine insurance or other third party benefits for EMS to which my dependents or I may be entitled.

| CM Well | 12/20/12 | Cindy Thomas | |
|---|---|---|---|
| Witness | Date/Time | Patient/Guardian | Date/Time |

660.80—

1) Original   2)

## Page 2

| Report Number from 1st page: | PATIENT LAST NAME from 1st page: | INCIDENT DATE from 1st page: |
|---|---|---|
| 211950 | Thomas | 12.20.2012 |

**CHIEF COMPLAINT**

### NECESSITY FOR SERVICE
Upon Arrival, Patient Found in:
- Ambulating
- Bed/Gurney Chair
- Recliner
- Wheelchair
- Bed
- Gurney/exam table
- Floor
- Other: CNC

Was stretcher necessary?
- Unable to sit upright
- Unable to balance in sitting position
- Unconscious/unsteady
- Req. physical restraints
- Severe hemorrhage
- Bed Confined
- Fetal position  Contractures  Paralyzed

- MI
- Unsutur pess fracture
- Acute stroke
- MVC
- Other

Patient moved to stretcher via:
- Total lift
- Draw sheet
- Did patient Walk
- Vomit
- Complain of nausea
- Complain of pain

### 61. PATIENT MEDICAL HISTORY

### 62. PATIENT MEDICATION HISTORY

### 63. PATIENT MEDICATION ALLERGIES
Sulfa

### 64. NARRATIVE:
Upon Arrival ... Seated in vehicle complaining of neck ...
Pt refused SMR ... finding exit c collar. Pt walked
to cot cross section to cot. Pt was transported to I merge
without change. Pt care was transferred to EMEMC ER staff.

**Receiving Facility:** IMCMC    I received a verbal & written report on the care of this patient.

### INITIAL & FINAL VITAL SIGNS    Not Applicable

### GLASGOW COMA SCALE   Not Applicable

| 65. Time | 66. Pulse | 67. Resp | 68. SBP | 69. DBP | 70. Method BP | 71. LOC | 72. O2 Sat | 73. EKG | 74. Skin | 75. Pupils | 76. Eyes | 77. Verbal | 78. Motor | 78. GCS Score |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1305 | 92 | 16 | 161 | 88 | | | 98 | | | | | | | 15 |
| 1315 | 99 | 16 | 155 | 110 | | | 94 | | | | | | | 15 |

### MEDICATIONS   None   Not Applicable

### Procedures   None   Not Applicable

| 85. Time | 86. Procedure | 87. # Attempts | 88. Successful | 89. Done By | 90. Procedure Complications |
|---|---|---|---|---|---|
| 13:05 | Check Vitals | 1 | | CM1 | |

### 96. CHIEF COMPLAINT ANATOMIC LOCATION
- Abdomen
- Back
- Chest

### 99. CARDIAC ARREST
- Not Applicable
- Yes, Prior to Arrival
- Yes, After Arrival
- No

Page 3

| EMS Report Number from 1st page | PATIENT LAST NAME from 1st page | INCIDENT DATE from 1st page |
|---|---|---|
| 1417189512 | Thomas | 12-20-2012 |

## STEMI
104. 12-Lead EKG Used: ☐ Yes ☐ No ☐ N/A
105. Transmitted for Interpretation: ☐ Yes ☐ No
106. Integration (indicate all): ☐ Paramedic ☐ Physician ☐ Computer Program
107. STEMI positive: ☐ Yes ☐ No ☐ Inconclusive

## 108. STROKE SCALE
☐ Not Applicable ☐ Not Available ☐ Not Known
☐ Cincinnati Stroke Scale Negative ☐ LA Stroke Scale Negative
☐ Cincinnati Stroke Scale Non-Conclusive ☐ LA Stroke Scale Non-Conclusive
☐ Cincinnati Stroke Scale Positive ☐ LA Stroke Scale Positive

PRIOR AID RECEIVED PRIOR TO ARRIVAL OF UNIT See Ref. Sheet

### 109. PRIOR AID PERFORMED BY:
- ☐ EMS Provider ☐ Other Health Care Provider
- ☐ Law Enforcement ☐ Patient
- ☐ Lay Person ☐ Unknown ☐ N/A

### 110. PRIOR AID TYPE PROCEDURES/MEDICATIONS and TIME

### 111. OUTCOME OF PRIOR AID
☐ Improved ☐ Unchanged ☐ Worse ☐ Unknown ☐ N/A

### 112. BARRIERS TO EFFECTIVE CARE (multi-choice)
- ☐ Not applicable
- ☐ Developmentally Impaired
- ☐ Unattended/Unsupervised (including minors)
- ☐ Hearing Impaired
- ☐ Language
- ☐ Physically Impaired
- ☐ Physically Restrained
- ☐ Speech Impaired
- ☐ Unconscious
- ☐ None

### 113. TRAUMA PRESENT
☐ Not applicable ☐ Yes ☐ No ☐ N/A

### 114. CAUSE OF INJURY
MVA

### 115. MECHANISM OF INJURY
☐ Not applicable ☐ Blunt ☐ Burn ☐ Penetrating ☐ Other ☐ Not Known

### 116. HOSPITAL TEAM NOTIFIED
☐ Not applicable ☐ Trauma ☐ Yes ☐ No ☐ Stroke ☐ STEMI ☐ C120

### 117. TIME HOSPITAL TRAUMA TEAM NOTIFIED

### 118. TRAUMA TRIAGE LEVEL
☐ Not applicable ☐ Priority 1 ☐ Priority 2 ☐ OTHER

### 119. TRAUMA TRIAGE CRITERIA
☐ Not applicable ☐ GCS < 13 ☐ GCS Improving ☐ Resp resulting from trauma ☐ Hemodynamic compromise from trauma ☐ Blunt trauma hemodynamic trauma ☐ Penetrating injury to trunk-neck-head ☐ Penetrating injuries to extremities ☐ Amputation proximal to wrist or ankle ☐ Paralysis resulting from trauma

☐ Flail chest ☐ 2 or more proximal long bone fractures ☐ Open or depressed skull fractures ☐ Unstable pelvis ☐ PTS < 8 ☐ BSA >= 10% ☐ BSA < 10% ☐ Other single system injury ☐ Minor injuries

INTERCEPT:

### 120. TIME REQUESTED

### 121. TIME ARRIVED

### 122. TIME OF CARE TRANSFER

### 123. REC AGENCY

### 124. TRAUMA REFERRAL CENTER (TrC) NOTIFIED
☐ Yes ☐ No ☐ N/A

125. TrC TRACKING #: ☐ N/A
126. Time TrC NOTIFIED ☐ N/A

### 127. VEHICULAR INJURY INDICATORS
☐ Dash Deformity ☐ Fire ☐ DOA Same Vehicle ☐ Ejection ☐ Not applicable ☐ Steering Wheel Deformity ☐ Windshield Deformity ☐ Side Post Deformity ☐ Standing Wheel Deformity

### 128. USE OF SAFETY EQUIPMENT (mult.)
☐ Child Restraint ☐ Eye Protection ☐ Helmet Worn ☐ Lap Belt ☐ Pers Flotation Device ☐ Protective Clothing ☐ Not applicable ☐ None ☐ Protective Gear ☐ Shoulder Belt ☐ Other (Airbag)

### 129. AIRBAG DEPLOYMENT
☐ Airbag Deployed Front ☐ Airbag Deployed Side ☐ Not applicable ☐ Airbag Deployed Other ☐ No Airbag Present ☐ Airbag Not Deployed

### 130. PATIENT POSITION
☐ Driver ☐ Left (non-driver) ☐ Middle ☐ Right ☐ Not applicable ☐ Unknown ☐ Other

### 131. TYPE OF DESTINATION
☐ Home ☐ Medical Office/Clinic ☐ Nursing Home ☐ Other EMS (ground) ☐ Other ☐ Hospital ☐ Morgue ☐ Other EMS (air) ☐ Police/Jail ☐ Not applicable

### 132. REASON FOR CHOOSING DESTINATION
☐ Closest ☐ Diversion ☐ Family Choice ☐ Insurance ☐ Law Enforcement Choice ☐ Specialty Resource Center ☐ Stroke Med Control ☐ Protocol ☐ Physician's Choice ☐ Protocol ☐ Other ☐ N/A

### 133. ED DISPOSITION
☐ Admit-floor ☐ Admit-ICU ☐ Death ☐ Release ☐ Transferred ☐ Unknown ☐ N/A

### 134. HOSPITAL DISPOSITION
☐ Death ☐ Discharge ☐ Transfer-other hosp ☐ Transfer-nursing home ☐ Transfer-other ☐ Transfer-rehab ☐ Unknown ☐ N/A

### 135. TYPE OF DELAY(S) (select all) DISPATCHER
☐ Not applicable ☐ None ☐ Caller Uncooperative ☐ High Call Volume ☐ Language Barrier ☐ Location (inability to obtain) ☐ No Unit Available ☐ Safety Conditions ☐ Technical Failure ☐ Other

### 136. TYPE OF DELAY(S) (select all) RESPONSE
☐ Not applicable ☐ None ☐ Crowd ☐ Directions ☐ Distance ☐ Diversion ☐ HazMat ☐ Safety Conditions ☐ Staff Delay ☐ Traffic ☐ Vehicle Crash ☐ Vehicle Failure ☐ Weather ☐ Other

### 137. TYPE OF DELAY(S) (select all) SCENE
☐ Not applicable ☐ None ☐ Crowd ☐ Directions ☐ Distance ☐ Diversion ☐ Extrication >20 Min ☐ HazMat ☐ Language Barrier ☐ Safety Conditions ☐ Staff Delay ☐ Traffic ☐ Vehicle Crash ☐ Vehicle Failure ☐ Weather ☐ Other

### 138. TYPE OF DELAY(S) (select all) TRANSPORT
☐ Not applicable ☐ None ☐ Crowd ☐ Directions ☐ Distance ☐ Diversion ☐ HazMat ☐ Safety Conditions ☐ Staff Delay ☐ Traffic ☐ Vehicle Crash ☐ Vehicle Failure ☐ Weather ☐ Other

### 139. TYPE OF DELAY(S) (select all) RETURN
☐ Not applicable ☐ None ☐ Clean up ☐ Decontamination ☐ ED Overflowing ☐ Equipment Failure ☐ Equipment Replenishment ☐ Staff Delay ☐ Vehicle Failure ☐ Other

| | 140. CREW MEMBER ID NUMBER | 141. LEVEL OF SERVICE | 142. CREW MEMBER ROLE |
|---|---|---|---|

### Crew Member #1
64586
C. Nall
☐ B ☐ I ☐ P ☐ EMR ☐ Physician ☐ Nurse ☐ Student ☐ Other
CREW MEMBER 1 ROLE: ☐ Primary Patient Caregiver ☐ Driver ☐ Secondary Patient Caregiver ☐ Other

### Crew Member #2
101138
☐ B ☐ I ☐ P ☐ EMR ☐ Physician ☐ Nurse ☐ Student ☐ Other
CREW MEMBER 2 ROLE: ☐ Primary Patient Caregiver ☐ Driver ☐ Secondary Patient Caregiver ☐ Other

### Crew Member #3
☐ B ☐ I ☐ P ☐ EMR ☐ Physician ☐ Nurse ☐ Student ☐ Other
CREW MEMBER 3 ROLE: ☐ Primary Patient Caregiver ☐ Driver ☐ Secondary Patient Caregiver ☐ Other

# INTEGRIS
## Marshall County
### MEDICAL CENTER
1 Hospital Drive Madill OK 73446

**EMERGENCY DEPARTMENT RECORD**

| DATE | TRIAGE TIME | ROOM TIME | MODE of ARRIVAL | TRIAGE LEVEL | PRE-HOSPITAL CARE |
|---|---|---|---|---|---|
| 12/28/18 | 1315 | 13 | ☐ walk ☐ POV ☐ Emergent / ☐ W/C ☐ EMS ☐ Urgent / ☐ carried ☐ Police ☐ Nonurgent / ☐ to waiting rm ☐ triage | Level 3 | ☐ backboard ☑ c-collar / ☐ splint / ☐ ETT / ☐ CPR / ☐ O2 / ☐ HHN / ☐ IV / ☐ Meds |

| TIME | B/P | HR | RR | SaO₂ | temp | GCS | PAIN |
|---|---|---|---|---|---|---|---|
| 320 | 80/96 | 20 | 100 | 97 | 15 | 6/10 | |
| 1805 | 140/72 | 92 | 20 | 90 | 98 | 15 | 4/10 |
| | | | | | | | /10 |
| | | | | | | | /10 |

**NURSING ASSESSMENT**

SKIN: ☐ warm ☐ dry ☐ cool ☐ diaphoretic ☐ flushed ☐ mottled

BEHAVIOR: ☐ cooperative ☐ uncooperative ☐ combative ☐ depressed ☐ confused ☐ inappropriate

RESPIRATORY: ☐ normal ☐ labored ☐ stridor ☐ clear R L ☐ diminished R L ☐ cough: dry prod

CIRCULATION: ☐ regular ☐ irregular ☐ pulses = ≠ ☐ edema

ABDOMEN: ☐ BS + − ☐ soft ☐ tender ☐ firm

PSYCHOSOCIAL: lives: alone SO parent / grade __ sch / prim lang: ☐ English ☐ Spanish / nursing home / advance directive Y / cane walker W/C / ☐ unkempt appearance / ☐ smoker ppd

NEURO: ☐ conscious ☐ comatose ☐ MAE / hand grips = ≠ / ☐ oriented x 3 / ☐ hard of hearing / ☐ slurred speech

FEMALE: preg Y N ? / tubal hyst meno / LMP ____

PED. IMMUN: ☐ UK ☐ UTD ☐ Needs Attention

VISUAL ACTIVITY: ☐ glasses ☐ contacts

NUTRITION: ☐ No risk ☐ Needs attention

TETANUS: ☐ UK ☐ UTD Last ____

CC: (illegible handwriting)

ALLERGIES: ☐ none ☐ see medicine reconciliation sheet — Sulfa

Personal DOCTOR: Rhorn

Triage Nurse: (signature)

☐ code sheet  ☐ trauma sheet

MEDICATIONS ☐ none ☑ see medicine reconciliation sheet

TB ☐ exposed ☐ symptoms ☐ screen completed

Normal Reference Range
FSBS:65-99 Mg/dl
Hemoccult/Gastroccult/Strep
NEGATIVE

**PHYSICIAN ORDERS**

Time: 1326
LABORATORY ORDERS:

ERP ___ CMP ___ BMP ___ CE ___ HFP ___
ALC ___ AMY ___ LIPA ___ DIG ___ THEO ___
CBC ___ ACET ___ SALC1 ___ DIL ___ VALPRO ___
PT/INR ___ PTT ___ T&C ___
1 BLCX ___ 2 BLCX ___ B-Type NP ___ D-Dimer ___
UAC1 ___ UHCG ___ MED TOX ___ RSV ___ FLU ___
other: ___

| TIME OF ORDER | |
|---|---|
| 1446 | Toradol 60mg IM |

CARDIOPULMONARY ORDERS:
EKG ___ ABG ___ PEF ___ Sput CX ___
HHN ___

RADIOLOGY ORDERS:
CXR ___ AAS ___ KUB ___ IVP ___
C-S ___ T-S ___ L-S ___ Sacrum ___
CT: Head Neck Chest Abd Pelvis Renal
other: CT neck, lumbar (illegible)

Nurse: (signature) PA/NP (signature) PH (signature)

**DISPOSITION**

THOMAS, CYNTHIA G
Acct#5006766 MR#0000017541 0000-
GAY, CAROL H Fem:
Adm: 1228 DOB: ____ 049 F
INTEGRIS Marshall Cnty Med Ctr FC:P

MR#: ____

| ADMITTED | TRANSFER | FUNERAL HOME | HOME | CONDITION |
|---|---|---|---|---|
| room ___ | to ___ | to ___ | mode ☐ EOD | ☐ stable |
| time ___ | time ___ | time ___ | time ☐ LWBS | ☐ guarded |
| mode ___ | mode ___ | signature ___ | with ☐ AMA | ☐ critical |
| report ___ | report ___ | | | ☐ expired |

Personal Belongings to ___

D/C Instructions to PT

# NEUROSCIENCE SPECIALISTS

*Brent N. Hisey, M.D. • Donald D. Horton, M.D.*
14100 Parkway Commons Drive, Suite 201 • Oklahoma City, OK 73134
(405) 242-4720 • Fax (405) 242-4933

## Brent N. Hisey, M.D.

September 25, 2013

Pamela Ahearn, M.D.
P.O. Box 960251
Oklahoma City, OK 73196
580-564-0201

RE:  Cynthia F. Thomas

Dear Dr. Ahern:

Today I had the pleasure of seeing Cynthia Thomas who I previously evaluated for her lumbar spine in 2010. She now reports that she was involved in a motor vehicle accident on December 20, 2012, at which time she suffered a significant whiplash injury. Today she describes cervical spine pain, muscle spasms, and headaches, and pain that radiates into the right shoulder girdle and upper extremity.

DIAGNOSTIC STUDIES:  She has undergone MRI scanning which I reviewed. There are significant disk protrusions at C4-5, C5-6 and C6-7.

PAST MEDICAL HISTORY:  A patient medical history questionnaire was filled out and is contained in my chart. This was reviewed. Her history is significant for anemia, anxiety and headaches.  Drug allergies are to sulfa medications. Current medications are Flexeril and zolpidem. Previous surgeries include two C-sections and a lumbar surgery in 2009. She does smoke one pack-per-day. She denies the use of alcohol.

EXAMINATION:  She is awake and alert, 5'0.5". Her motor function is 5/5 in the deltoids, biceps, triceps, grip and hand intrinsic musculature. Reflexes are zero to 1+. Sensory examination is intact. There is no muscle wasting.

IMPRESSION:  I think she is symptomatic from her cervical disk spaces.

RECOMMENDATIONS:  She would like to try conservative care. I placed her in physical therapy in Durant three times a week for six weeks and then I will see her back for follow-up. If she is not significantly better then we will decide about proceeding with cervical discography.

Neurosurgeons • Stan Pelofsky, MD, Robert Remondino, MD, Benjamin White, MD, Brian Snell, MD
Eric Friedman, MD, Michael Hahn, II, MD, Robert E. Tibbs, Jr., MD, Robert J. Wienecke, MD, Fadi Nasr, MD
Physical Medicine and Rehabilitation • A.J. Bisson, MD, Kim Bouvette, MD, Chris Bouvette, MD, Michael Brown, MD
Orthopedics • Kevin Hargrove, MD



Cynthia F. Thomas
September 25, 2013


I appreciate the referral and will keep you posted.  If you have any questions, please contact my office.

Sincerely,

Brent N. Hisey, M.D.

BNH/rmd



**Oklahoma Spine Hospital**
SURGERY · PAIN MANAGEMENT

PATIENT NAME:         CINDY THOMAS
HOSPITAL NUMBER:      47076
DATE OF BIRTH:
DATE OF PROCEDURE:    01/15/2014
PHYSICIAN:            Stephen Andrade, M.D.

## PROCEDURE NOTE

**INDICATIONS:**
Ms. Thomas is a 50-year-old female patient who complains of neck pain with chronic headaches and pain also radiating to the intrascapular region and also bilateral arm numbness. This has been a chronic pain going on for at least a year. She has been treated with some oral medications and physical therapy, but still has persistent pain. Her MRI does show a desiccated disc at C3-C4, C4-5, C5-6, and C6-7. The patient has been referred by Dr. Hisey for a cervical discogram study.

**PREPROCEDURE DIAGNOSES:**
1. Chronic neck pain.
2. Chronic headaches.
3. Bilateral arm numbness.
4. Cervical disc disruption.

**POSTPROCEDURE DIAGNOSES:**
1. Chronic neck pain.
2. Chronic headaches.
3. Bilateral arm numbness.
4. Cervical disc disruption.

**PROCEDURE:**
Cervical discography.

**ATTENDING PHYSICIAN:**
Stephen A. Andrade, M.D.

**ANESTHESIA:**
Conscious sedation with Versed and fentanyl.

**PROCEDURE IN DETAIL:** The patient was placed in the supine position. The patient was given 2 mg of Versed intravenously and 50 mcg of fentanyl intravenously as directed by Dr. Andrade for conscious sedation. The anterior neck was sterilely prepped and



Page 2

PATIENT NAME:            CINDY THOMAS
HOSPITAL NUMBER:         47076
DATE OF BIRTH:           10/03/1963
PHYSICIAN:               Stephen Andrade, M.D.
DATE OF PROCEDURE:       01/15/2014

draped. Fluoroscopic visualization of the C3-4, C4-5, C5-6, and C6-7 discs was accomplished. The carotid and the esophagus were retracted away from the anterior surface of the cervical discs. Using a right sided anterior approach, single #25-gauge needles were advanced into the centrum of the C3-4, C4-5, C5-6, and C6-7 discs. AP and lateral views were taken to confirm correct needle tip position within the centrum of each of those discs. This was followed by an injection of a solution containing Isovue radiographic dye and Ancef into each disc. The volume of injection was documented and the patient's response to the pressurization was documented and recorded. The needles were removed and found intact. The patient tolerated the procedure well. There were no complications.

FINDINGS:

1. The C3-4 disc. Production of concordant neck pain. 0.2 mL injection. Firm endpoint to injection.
2. The C4-5 disc. Production of concordant neck pain. 0.2 mL injection.
3. The C5-6 disc. Production of concordant neck pain. 0.3 mL injection.
4. The C6-7 disc. Production of concordant neck pain. 0.3 mL injection.

SUMMARY OF FINDINGS:

The patient has 4-level cervical discogenic pain. All discs tested produced concordant symptomatology. All discs do appear to have annular tears noted within the disc structure.

PLAN:

1. The patient will be instructed to follow up with her referring physician.

Stephen Andrade, M.D.

SA/epms

D: 01-15-14 3:51 pm
T: 01-15-14 6:42 pm
VF# 88458412



**Safeco Insurance**™

A Liberty Mutual Company

Safeco Insurance Company of Ameri.
Inside Claims Specialist - PIP/Med Pay
1400 South Highway Drive
Fenton, MO 63026

Mailing Address:
P.O. Box 515097
Los Angeles, CA 90051-5097

Phone:   (800) 332-3226
Fax:     (888) 268-8840

January 2, 2013


Cynthia L Thomas
4103 Keeler Rd
Kingston, OK  73439-4514


| | |
|---|---|
| Insured Name: | Willie Thomas Cynthia L Thomas |
| Policy Number: | Y6641757 |
| Loss Date: | December 20, 2012 |
| Claim Number: | 120431615039 |

Dear Ms. Cynthia L Thomas:

This letter will provide you with instructions on how to submit a claim for your medical
expenses.

Primary Medical Pay Coverage
Your policy provides a type of coverage known as "Medical Payments Coverage." This coverage
is designed to pay for medical expenses as a result of your auto accident.  This coverage is
primary over your health insurance and you need to first submit your medical bills to Safeco
Insurance Company of America.  We will pay all reasonable and necessary accident-related
medical bills up to your policy limits of $2,000.

How to submit a claim:

Sign the enclosed Medical Authorization and return it in the envelope provided.

WARNING: Any person who knowingly, and with intent to injure, defraud or deceive any
insurer, makes any claim for the proceeds of an insurance policy containing any false, incomplete
or misleading information is guilty of a felony.



CA1768 02/11

Page 2
Willie Thomas Cynthia L. Thoma
January 2, 2013

If you have any questions concerning this coverage, please contact me at the number below.

Sincerely,

*Brenda Boylan*

Brenda Boylan
Inside Claims Specialist - PIP/Med Pay
Safeco Insurance Company of America
Phone: (800) 332-3226  Ext: 628749
Fax: (888) 268-8840
brenda.boylan@safeco.com

Enclosure: Medical Authorization Form and Envelope

CA1758 02/11



**Safeco** Insurance ™

A Liberty Mutual Company

Safeco Insurance Company of Amer

24001 E Mission Ave #100
Liberty Lake, WA 99019

Mailing Address:
PO Box 3838
Spokane, WA 99220

Phone:   (800) 332-3226
          (509) 892-3317
Fax:     (888) 268-8840

January 8, 2013

Cynthia L Thomas
4103 Keeler Rd
Kingston, OK  73439-4514

Insured Name:        Willie Thomas Cynthia L Thomas
Policy Number:       Y6641757
Loss Date:           December 20, 2012
Claim Number:        120431615039

Dear Mrs. Cynthia L Thomas:

**Please take a moment to read this entire letter as it will fully explain how your total loss and the sale of the salvage will be handled. It is important that you understand this process so that we are able to pay your claim as quickly as possible.**

Thank you for taking the time to discuss your collision loss with us.  The value of your 2003 CHEVROLET VENTURE 1GNDX03E83D162404 was determined based on similar vehicles for sale in your local market, considering pre-accident condition, accessories, options, and mileage. Per our conversation, we discussed the following:

|  | **Company Retains** |
|---|---|
| Actual Cash Value: | $3,701.00 |
| Applicable Taxes/Fees: | $209.33 |
| Less Deductible: | - $2,000.00 |
| Total Payout for Total Loss: | $1,910.33 |

Upon receipt of your properly signed title and verification that your vehicle has arrived at our salvage yard, we will send payment to your lien holder and any remaining equity to you. **Cashing this check does not release any portion of your claim.** ***Please reference the enclosed title instructions.

In order for us to process your claim as quickly as possible, we ask that you return your properly signed paperwork by January 23, 2013.

If you are currently in a rental car authorized by us, please be aware that your vehicle is due back by January 15, 2013. Any costs incurred regarding a rental vehicle after this date will be your responsibility.



CA2059 03/12

Page 2
Willie Thomas Cynthia L. Thoma
January 8, 2013

Please contact your agent to discuss the removal of this vehicle from your policy. Your agent is your best resource for policy issues. They can answer your questions about how this claim may affect your policy.

Please continue to make your monthly loan payment at this time. If you have any questions regarding making any further loan payments, please contact your lien holder.

<u>In order to process the salvage of your vehicle, we need the following from you:</u>

<u>Title:</u> Please sign title and send to the mailing address below. Please make sure if a "Lien Holder" is listed on the title that they have released their interest to the vehicle either on the title itself or on a separate document. Please forward any such documents with your title. We are enclosing instructions on how to sign a title from your specific state. Please remember that a title is a legal document and the state will not process a title that has been altered in any way. This means **no scratch-outs, no "white-out" and do not write any unnecessary information anywhere else on the title. Please read this information carefully as your payment will be delayed if this legal document is not signed properly.** Titles not signed correctly will only delay the process and in most instances, delay the processing of your payment. If you have any questions prior to signing the title, please call and I will be happy to help you out.

<u>Keys:</u> Please send any spare keys with your paperwork.

<u>Mailing Address for Title:</u>
COPART AUTO AUCTIONS
LOT#: 30218132
2829 SE 15TH ST
OKLAHOMA CITY, OK 73129

Sincerely,

*Laurel Messinger*

Laurel Messinger
Senior Inside Claims Representative
Safeco Insurance Company of America
(800) 332-3226 Ext: 343317
(509) 892-3317 Fax: (888) 268-8840
Laurel.Messinger@Safeco.com

CA2059 03/12



**Safeco Insurance**™

A Liberty Mutual Company

Safeco Insurance Company of America

P O Box 515097
Los Angeles, CA 90051-5097

Mailing Address:
P O Box 515097
Los Angeles, CA 90051-5097

Phone:   (800) 332-3226
          (800) 332-3226
Fax:      (888) 268-8840

January 25, 2013

Willie Thomas Cynthia L Thomas
4103 Keeler Rd
Kingston, OK  73439-4514

*Claim # 13R 5CC05*
*Michael M4hf*
*416 - 26 - 5926*
*to see licens(e)*
*405  265 - 2693*

| | |
|---|---|
| Insured Name: | Willie Thomas Cynthia L Thomas |
| Policy Number: | Y6641757 |
| Loss Date: | December 20, 2012 |
| Claim Number: | 120431615039 |

Dear Willie Thomas Cynthia L Thomas:

The Subrogation Department has been added to the claims team servicing your above referenced loss. Subrogation will direct an effort to collect monies from the responsible party as determined by our claims investigation. We will also attempt to recover applied deductible amounts and any other documented out-of-pocket expenses you incurred from this claim.

The responsible party or their insurance company may approach you with an offer of settlement for your damages. Please contact the Subrogation Department <u>prior</u> to entering into any settlement or signing a FULL RELEASE with the adverse party, as this may jeopardize our ability to exercise our right to recover payment. Please refer to the General Provisions portion of your policy. It states, in part:

### OUR RIGHT TO RECOVER PAYMENT

A. "If we make a payment under this policy and the person to or for whom payment was made has a right to recover damages from another we shall be subrogated to that right. That person shall do:
   1. Whatever is necessary to enable us to exercise our rights; and
   2. Nothing after the loss to prejudice them.

B. If we make a payment under this policy and the person to or for whom payment is made recovers damages From another, that person shall:
   1. Hold in trust for us proceeds of the recovery; and
   2. Reimburse us to the extent of our payment."

Every effort will be made to resolve this matter as quickly as possible. The recovery process can be lengthy and complex and a successful recovery cannot be guaranteed. Throughout our efforts to collect monies from the responsible party or their insurance carrier, it may be necessary to use copies of your repair bills, rental bills, medical records and/or medical bills as supporting documentation. Depending on the issues that arise during the process, your assistance may be needed. We thank you in advance for your continued cooperation.

*American Farmers*

CA1997 02/08



Page 2
Willie Thomas Cynthia L Thomas
January 25, 2013

For all questions regarding your claim, please continue to call 800-332-3226.  A Service Center
Representative will assist you or direct your call to the appropriate party.

Sincerely,


Subrogation Department

Safeco Insurance Company of America
(800) 332-3226
(800) 332-3226 Fax: (888) 268-8840

CA1997 08/08



### 1 PAGE ❖ VIA FACSIMILE ❖ (888) 268-8840

September 20, 2013

Safeco Insurance
Adj: Brenda Boylan
P.O. Box 515097
Los Angeles, CA 90051-5097

Re:   Our Client:   Cynthia Thomas
      Your Insured: Willie & Cynthia Thomas
      Claim No.:     120431615039
      Loss Date:     December 20, 2012

To Whom It May Concern:

Please be advised that I represent the above-identified client. This is your notice of my attorney's lien, the above-identified accident and of a U.M./U.I.M. and Medpay claim. To date, we have not determined the status our client's, your insured's, claim. Therefore, we are requesting that you immediately forward us a copy of the respective Declaration Sheet, Official Uninsured Motorist Coverage Law form that requires you to offer your insured Uninsured Motorist Coverage, and a certified copy of the respective policy of insurance. You should also forward us a copy of the Declaration Sheet and Official Uninsured Motorist Coverage Law **for every person and/or automobile you insure which resides at our client's residence.**

Please forward the above requested information immediately. You should not contact our client but direct all communications to us. Feel free to contact us if you have any questions or comments. We thank you in advance for your prompt reply.

Sincerely,

James E. Dunn



116 S. Walker Oklahoma City, OK 73102   (405) 239-1000  Fax (405) 239-1003
jim@usattorney.com

TX Result Report

P 1
09/20/2013 12:49
Serial No.   A00J01000B646
TC:   55B117

| Destination | Start Time | Time | Prints | Result | Note |
|---|---|---|---|---|---|
| | | 00:00:27 | | | |

Note    TXG: Timer TX, POL: Polling, ORG: Original Size Setting, FME: Frame Erase TX,
BND: Double-Sided Binding Direction, MEM: Memory TX, SEND: Send, PC: PC FAX,
RCV: Relay, CONF: Confidential, BUL: Bulletin, SIP: SIP Fax, IPADR: IP Address Fax,
I-FAX: Internet Fax

Result   OK: Communication OK, S-OK: Stop Communication, PW-OFF: Power Switch OFF,
TEL: RX from TEL, NG: Other Error, Cont: Continue, No Ans: No Answer,
Refuse: Receipt Refused, Busy: Busy, M-Full: Memory Full,
LOVR: Receiving length Over, POVER: Receiving page Over, FIL: File Error,
DC: Decode Error, MDN: MDN Response Error, DSN: DSN Response Error.



*James E. Dunn*

**1 PAGE ◆ VIA FACSIMILE ◆ (888) 262-2240**

September 20, 2013

Safeco Insurance
Adj: Brenda Boylan
P.O. Box 515097
Los Angeles, CA 90051-6097

Re:     Our Client:     Cynthia Thomas
        Your Insured:   Willie & Cynthia Thomas
        Claim No.:      120431615039
        Loss Date:      December 20, 2012

To Whom It May Concern:

Please be advised that I represent the above-identified client. This is your notice of my attorney's lien, the above-identified accident and of a U.M./U.I.M. and Medpay claim. To date, we have not determined the status our client's, your insured's, claim. Therefore, we are requesting that you immediately forward us a copy of the respective Declaration Sheet, Official Uninsured Motorist Coverage Law form that requires you to offer your insured Uninsured Motorist Coverage, and a certified copy of the respective policy of insurance. You should also forward us a copy of the Declaration Sheet and Official Uninsured Motorist Coverage Law for every person and/or automobile that you insure which resides at our client's residence.

Please forward the above requested information immediately. You should not contact our client but direct all communications to us. Feel free to contact us if you have any questions or comments. We thank you in advance for your prompt reply.

Sincerely,

James E. Dunn

116 S. Walker Oklahoma City, OK 73102   (405) 239-1000  Fax (405) 239-1003
jim@usattorney.com

## James Dunn & Associates, P.L.L.C.

### VIA U.S. CERTIFIED MAIL, RETURN RECEIPT REQUESTED

March 28, 2014

Safeco Insurance
Attn: Brenda Boylan
PO BOX 515097
Las Angeles, CA 90051-5097

Re:   Our Client:        Cynthia Thomas
      Your Insured:      Willie & Cynthia Thomas
      Claim #:           120431615039
      DOL:               12-20-12

To Whom It May Concern:

For your records, please find enclosed the Official Oklahoma Traffic Collision Report, photographs, and medical records and medical bills received to date. As you are aware, our client was injured in the above referenced motor vehicle collision. To date, we have received $14,849.80 in medical bills directly relating to the injuries sustained in the automobile collision herein. Our office has not received the records or bills pertaining to Excel Therapy. Once this information is received we will submit over to you for review. As such, the enclosures herein are sufficient information for you to evaluate my client's claim for the immediate tendering of the Medpay/UM funds.

Consider this my client's official demand for the tendering of the Medpay/UM funds to resolve my client's claims herein. You should tender all proceeds to this office and place my name on the check along with my client's name. If any of the Medpay/UM funds were previously tendered, please provide our office with an itemization of payments. We await your immediate tender of policy limits to settle this claim.

Sincerely,

James E. Dunn



## U.S. CERTIFIED MAIL,
## RETURN RECEIPT REQUESTED

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

# OFFICIAL USE

| Postage | $ |
|---|---|
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |

Postmark
Here

**Safeco Insurance**
**ATTN: BRENDA BOYLAN**
**P.O. Box 515097**
**Las Angeles, CA. 90051-5097**

PS Form 3800, August 2006          See Reverse for Instructions

7013 2630 0001 0011 0410

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece,

**COMPLETE THIS SECTION ON DELIVERY**

X  20500 Belshaw Avenue          ☐ Agent
    CARSON, CA 90746             ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

**Safeco Insurance**
**ATTN: BRENDA BOYLAN**
**P.O. Box 515097**
**Las Angeles, CA. 90051-5097**

D. Is delivery address different from Item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☐ Certified Mail    ☐ Priority Mail Express™
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)             ☐ Yes

2. Article Number
   (Transfer from service label)    7013 2630 0001 0011 0410

PS Form 3811, July 2013          Domestic Return Receipt

# James Dunn & Associates, P.L.L.C.

## VIA U.S. CERTIFIED MAIL, RETURN RECEIPT REQUESTED

Safeco Insurance                                          April 16, 2014
Attn: Brenda Boylan
PO BOX 515097
Las Angeles, CA 90051-5097

Re:   Our Client:         Cynthia Thomas
      Your Insured:       Willie & Cynthia Thomas
      Claim #:            120431615039
      DOL:                12-20-12

To Whom It May Concern:

         For your records, enclosed are the supplemental records and bills from
Excel Therapy pertaining to the above referenced matter. If you should have any
questions or concerns please fee free to contact me.

Sincerely,

Candace Bailey
Paralegal to James E. Dunn

Enclosures



# U.S. CERTIFIED MAIL,
## RETURN RECEIPT REQUESTED

**U.S. Postal Service**
**CERTIFIED MAIL** **RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

## OFFICIAL USE

| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |

Postmark
Here

7013 0392 0001 0011 1400

Safeco insurance
Attn: Brenda Boylan
PO BOX 515097
Los Angeles, CA 90051-5097

PS Form 3800, August 2006          See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                                          ☐ Agent
20500 Belshaw Avenue                       ☐ Addressee

B. Received by (Printed Name)     CA 90746     C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:      ☐ No

Safeco insurance
Attn: Brenda Boylan
PO BOX 515097
Los Angeles, CA 90051-5097

3. Service Type
☐ Certified Mail     ☐ Priority Mail Express™
☐ Registered         ☐ Return Receipt for Merchandise
☐ Insured Mail       ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)     ☐ Yes

2. Article Number
(Transfer from service label)     7013 2630 0001 0011 1400

PS Form 3811, July 2013     Domestic Return Receipt

**BORNE' CLAIM SERVICE**
12220 WEST 770 ROAD
HULBERT, OKLAHOMA 74441
Telephone/Fax: (918) 772-6254

May 15, 2014

**By Email**

James E. Dunn
Attorney at Law
1138 N. Robinson Ave.
Oklahoma City, Okla. 73103

Re:  Your Client   : Cynthia Thomas
     Our Insured   : Junior Walter &/or Mary Harmon
     Co. claim No.  : 13R50003
     Date of Loss  : 12/20/12
     Our File No.   : 13953

Dear Mr. Dunn:

This letter will follow up our telephone conversation this date regarding the above captioned.

American Farmers & Ranchers Mutual Insurance Co. is tendering their limits of liability in the amount of $25,000.00 to your client.

Per our discussion, an amount of $5,000.00 should be held back pending Medicare's Final Conditional Payment Demand.

Also as we discussed, it will be necessary to obtain a W-9 from your firm as well as Excel Therapy. The W-9 must be an August, 2013 form.

It is my understanding that you will obtain a UM Subro Waiver from your client's UM Carrier.

Once you have obtained this information, please contact me and I will forward to you the Release of All Claims and request your client's claim checks.

As you requested please find enclosed a copy of your client's bill from Oklahoma Spine Hospital for date of service 01/15/14.

Should you have any questions, please do not hesitate to call.

Sincerely,

Elona Borne', Adjuster
Borne' Claim Service

Cc: K. Tomlinson
    AFR Insurance Co.

