IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

CYNTHIA GAYLE THOMAS,

      Plaintiff,

v.

(1) SAFECO INSURANCE COMPANY
OF AMERICA, and,
(2) WALTER JUNIOR HAMON,

      Defendants.

Case No. CIV-15-044-RAW

## ORDER

On December 20, 2012, Plaintiff and Defendant Walter Hamon were involved in a vehicle collision, wherein Mr. Hamon rear-ended Plaintiff.  On May 27, 2014, Plaintiff filed this suit against Mr. Hamon and her own auto insurer, Safeco Insurance Company of America (hereinafter "Safeco"), in the District Court of Marshall County, Oklahoma.  Plaintiff alleges claims against Safeco for breach of contract and breach of the duty of good faith and fair dealing relating to medical payment and underinsured motorist claims.  She also alleges a claim of against Mr. Hamon for negligence.

Attached to Plaintiff's Petition was a letter dated May 15, 2014 from Elona Borne, an independent claims adjuster retained by Mr. Hamon's insurance company, American Farmers & Ranchers Mutual Insurance Co. (hereinafter "AFR"), to Plaintiff's attorney Mr. Dunn.  In that letter Ms. Borne states that AFR will tender the policy limits in the amount of $25,000.00, that $5,000 will be held back "pending Medicare's Final Conditional Payment Demand," and requests a W-9 form as well as "Excel Therapy" and a "UM Subro Waiver" from Plaintiff's UM Carrier.  Ms. Borne further requested that Mr. Dunn contact her when he had received the

information and that she would then forward to him the "Release of all Claims" and request his

client's claim checks.

On February 5, 2015, Safeco filed a Notice of Removal, arguing that Mr. Hamon was

fraudulently joined in the action to defeat diversity jurisdiction.[1]  Safeco argues that Plaintiff and

Mr. Hamon had reached a settlement prior to Plaintiff's filing of this action.  Safeco refers to

letters and emails evidencing settlement negotiations and relies most heavily on the May 15,

2014 letter from Ms. Borne.  Safeco states that the May 15, 2014 letter confirmed and

memorialized the settlement agreement.  Docket No. 17, p. 8-9, 14, 18 and 19.

Now before the court is Plaintiff's motion to remand [Docket No. 18].  Plaintiff argues

that Mr. Hamon was not fraudulently joined.  She further argues that even if this case had been

removable, Safeco's notice of removal was untimely.  For the reasons set forth below, the motion

to remand is GRANTED.  This action is hereby remanded to the District Court of Marshall

County, Oklahoma.

***Removal and Fraudulent Joinder***

When a civil action is brought in a state court "of which the district courts of the United

States have original jurisdiction," the defendants may remove the action to federal court.  28

U.S.C. § 1441(a).  Removing defendants bear the burden of establishing jurisdiction.  Martin v.

Franklin Capital Corp., 251 F.3d 1284, 1290 (10th Cir. 2001).

Safeco removed this action based on diversity jurisdiction, 28 U.S.C. § 1332(a), and

argues that although the Mr. Hamon is not diverse, he was fraudulently joined to defeat diversity

---

[1]Safeco filed an Amended Notice of Removal on February 25, 2015 to correctly state that
Mr. Hamon's attorney does not consent to the removal.

jurisdiction.  Safeco argues that Mr. Hamon was fraudulently joined because Plaintiff entered a

binding settlement agreement with him prior to filing her action in state court.  A defendant's

"right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no

real connection with the controversy."  Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97

(1921).

     The case law places a heavy burden on a defendant asserting fraudulent joinder.  Montano

v. Allstate Indem., 211 F.3d 1278 (10th Cir. 2000)(unpublished).  District courts are to resolve

disputed questions of fact and ambiguities in the controlling law in the plaintiff's favor and then

determine whether the plaintiff "has any possibility of recovery against the party whose joinder is

questioned."  Id.  "This standard is more exacting than that for dismissing a claim under Fed. R.

Civ. P. 12(b)(6); indeed, the latter entails the kind of merits determination that, absent fraudulent

joinder, should be left to the state court where the action was commenced."  Id.

     In cases where a defendant alleges fraudulent joinder, the Tenth Circuit has directed

district courts to "pierce the pleadings, consider the entire record, and determine the basis of

joinder by any means available."  Nerad v. AstraZeneca Pharmaceuticals, Inc., 203 Fed.Appx.

911, 913 (10th Cir. 2006) (citing Dodd v. Fawcett Publ'ns, Inc. 329 F.2d 82, 85 (10th Cir.

1964)).  "In doing so, the court must decide whether there is a reasonable basis to believe the

plaintiff might succeed in at least one claim against the non-diverse defendant."  Id.  "A

'reasonable basis' means just that: the claim need not be a sure-thing, but it must have a basis in

the alleged facts and the applicable law."  Id.

     While the court is to pierce the pleadings, the court is not to "pre-try, as a matter of

course, doubtful issues of fact to determine removability; the issue must be capable of summary

3

determination and be proven with complete certainty." Smoot v. Chicago, Rock Island & Pac.

R.R. Co., 378 F.2d 879, 882 (10th Cir. 1967); Dodd, 329 F.2d at 85. Furthermore, the Tenth

Circuit is in agreement with the Third Circuit that "[a] claim which can be dismissed only after

an intricate analysis of state law is not so wholly insubstantial and frivolous that it may be

disregarded for purposes of diversity jurisdiction." Brazell v. Waite, No. 12-4047, 2013 WL

2398893, at *3 (10th Cir. June 4, 2013)(citing Batoff v. State Farm Ins. Co., 977 F.2d 848, 853

(3d Cir. 1992)).

In a conclusory fashion, Safeco argues that the May 15, 2014 letter from Ms. Borne

represents a binding settlement agreement between Plaintiff and Mr. Hamon and that Plaintiff,

therefore, has no possibility of recovery against Mr. Hamon.[2] Safeco also argues that its removal

is timely because Plaintiff never provided the papers that made it clear there was complete

diversity. In its Sur-Reply, however, Safeco states: "Borne's May, 15, 2014 letter memorializing

the settlement was even attached to the Petition, apparently, for the purpose of documenting the

agreement to settle for Hamon's $25,000.00 liability limits." Docket No. 26, p. 7.

Plaintiff argues that she has never received a penny from Mr. Hamon or AFR, that she

never executed a release of claims against Mr. Hamon and that her attorneys were not authorized

to *execute* a settlement on her behalf.[3] A plain reading of the May 15, 2014 letter shows that

Plaintiff's attorneys were in the process of *negotiating* a settlement on her behalf. It is also clear

from the letter that further steps were needed to *execute* the settlement. Moreover, Defendant has

---

[2]Notably, Mr. Hamon has counsel defending him in the state action and does not consent to the removal.

[3]While Safeco seems to think it incredible that Plaintiff did not authorize her attorneys to execute the settlement agreement, this court does not. It is standard for attorneys to negotiate agreements followed by execution of those agreements by their clients.

produced no executed settlement agreement or executed release of claims against Mr. Hamon.

This court has pierced the pleadings, considered the entire record and now determines that Safeco has not met its burden to show that Plaintiff has no possibility of recovery against Mr. Hamon.  There is a reasonable basis to believe that Plaintiff might succeed in her claim against Mr. Hamon.  As the parties are not completely diverse and Safeco has not met its burden of establishing fraudulent joinder, this court lacks jurisdiction.

Moreover, had this case been removable based upon the May 15, 2014 letter that Plaintiff attached to her Petition filed on May 27, 2014 and served on Safeco on June 4, 2014, Safeco's notice of removal on February 5, 2015 would have been untimely.  28 U.S.C. § 1446(b).

*Summary*

The motion to remand [Docket No. 18] is hereby GRANTED.  This case is hereby remanded to the District Court of Marshall County, Oklahoma.

IT IS SO ORDERED this 28th day of April, 2015.

**Dated this 28th day of April, 2015.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma